CARDEN LIVESAY
LTD
ATTORNEYS AT LAW
Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
(480) 345-9500
(480) 345-6559 (Fax)
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Beanblossom, Michael Jones, and Dion Jones, individual on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Southwest Stage Funding, LLC, an Arizona limited liability company, d/b/a Cascade Financial Services,<br><br>Defendant. | No. 2:25-cv-02417-JJT<br><br>**SECOND AMENDED COMPLAINT (FLSA COLLECTIVE ACTION)** |

By and through the undersigned counsel, James Beanblossom, Michael Jones, individually and on behalf of others similarly situated, and Dion Jones, hereinafter called Plaintiffs, submit the following as their Second Amended Complaint against Defendant Southwest Stage Funding, LLC.

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendant for unlawful failure to calculate and pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). Specifically, Plaintiffs served in three different job roles earning wages, plus commissions. Defendant classified Mr. Beanblossom as nonexempt, but calculated his overtime rate without taking his earned commissions into account. Defendant misclassified Michael Jones and Dion Jones as exempt and did not pay them overtime at all.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

3. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

4. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES AND ALLEGATIONS

5. Plaintiff James Beanblossom, a resident of Arizona, was employed by Defendant from October 2019 to March 31, 2024, most recently as a Senior Mortgage Loan Originator, a non-exempt position under the FLSA. Defendant failed to include earned commissions in calculating his regular rate of pay for overtime purposes, in violation of 29 U.S.C. § 207(e) leading to substantial underpayment of overtime, in violation of the FLSA.

6. Plaintiff Michael Jones, a resident of Texas, was employed by Defendant from about December 2008 until February 26, 2024, most recently as a Business Development Manager. Despite not meeting any of the recognized FLSA exemptions, he was misclassified by Defendant as exempt and denied overtime compensation for hours worked over forty (40) in a workweek, in violation of the FLSA.

7. Plaintiff Dion Jones, a resident of Florida, was employed by Defendant from approximately March 2014 to February 28, 2024, most recently as one of two Regional Sales Managers. He was similarly misclassified by Defendant as exempt and not paid overtime wages as required by the FLSA.

8. Defendant Southwest Stage Funding, LLC d/b/a Cascade Financial Services is an Arizona limited liability company and an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant employs other employees, in Arizona and remotely, who are similarly-situated to Mr. Beanblossom and Michael Jones in that they a) have the same job title and duties; and b) have been erroneously classified as exempt and denied overtime, or had their overtime miscalculated.

10. Plaintiffs have retained the attorneys of Carden Livesay, Ltd. to represent them in this litigation and have agreed to pay reasonable attorney's fees for services rendered in the prosecution of this action on their behalf.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs Beanblossom and Michael Jones bring their FLSA claim as a collective action under 29 U.S.C. § 216(b).

12. At all times during their employment, Plaintiffs were covered individuals "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

13. Many of Defendant's employees, including the three named Plaintiffs, have been victimized by Defendant's pattern, practice and policy of failing to pay overtime wages in willful violation of the FLSA.

14. Plaintiffs seek two "subclasses" of similarly situated individuals in this Collective Action as follows: 1. All persons (approximately 30) who have worked or who are working as Senior Mortgage Loan Originators for Defendants at any time during the three years preceding the filing of this action ("SMLO Class"); and 2. All persons (approximately 10) who have worked or who are working as Business Development Managers for Defendant at any time during the three years preceding the filing of this action ("BDM Class"). Plaintiffs reserve the right to update or amend this definition as information is disclosed and uncovered through future discovery.

15. Plaintiff Michael Jones was required to travel to and from the office to build relationships with local retailers in the areas surrounding San Antonio and Austin.

16. Michael Jones would start around 7am on the road to visit retailers and would work until 6-7pm. He would take builders out to dinner or a group outing. He would attend all-day or multiple-day retailer meetings or events. Some days he and other BDMs would work from home. As his cell number was the contact for the builders, he would answer calls, texts, or emails, after the workday had ended, and on Saturday and Sunday too.

17. Michael Jones estimates that his hours worked were 60-70 hours per workweek throughout his employment.

18. This information about how Michael Jones spent his time was known or reasonably

should have been known to Defendant, who suffered or permitted him to work these hours.

19. As there were only two RSMs, Dion Jones seeks relief for himself only (not a subclass) for hours worked more than 40 in multiple workweeks.

20. Dion Jones was required to travel to and from the office to build relationships with local retailers in Florida, Georgia, Alabama, and also the region for the Southeastern United States.

21. A typical week for Dion Jones, would similarly involve a mixture of working from home (zoom calls and meetings) and traveling to retailers within his territory and/or region. He would take builders out to dinner or a group outing during the evenings. He would attend all-day or multiple-day retailer meetings or events within his territory, and within the region accompanying the BDM in that BDM's territory. As his cell number was the contact for the builders, he would answer calls, texts, or emails, after the workday had ended, and on Saturday and Sunday too.

22. Dion Jones estimates that his hours worked were 50-60 hours per workweek throughout his employment.

23. This information about how Dion Jones spent his time was known or reasonably should have been known to Defendant, who suffered or permitted him to work these hours.

24. All SMLOs, and BDMs including the named Plaintiffs, performed the same or similar job duties and regularly worked more than 40 hours in multiple workweeks.

25. Defendant's failure to properly classify the BDMs, and pay overtime compensation at the rates required by the FLSA to the BDMs and SLMOs results from generally applicable policies or practices and does not depend on the personal circumstances of the individual members of the collective action. Thus, Mr. Beanblossom's and Mr. Michael Jones' experiences are typical of the experience of the other members of the two Classes.

26. Mr. Beanblossom and Michael Jones have already signed consent forms (Dkt. 1).

## COUNT ONE - VIOLATION OF FAIR LABOR STANDARDS ACT

27. Plaintiffs hereby incorporate all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

28. The overtime provision of the FLSA, 29 U.S.C. § 207, applies to Defendant.

29. Defendant's failure to properly classify the Plaintiffs who were BDMs and RSMs as nonexempt, and properly calculate and pay overtime compensation to all three Plaintiffs (and the respective subclasses for SMLOs and BDWs) results from Defendants' standard policy and practices.

30. Defendant did not keep accurate records of BDMs' and RSMs' hours worked, as required by the FLSA, 29 U.S.C. § 211(c).

31. All three Plaintiffs (and their respective two subclasses) routinely worked more than 40 hours per week for Defendant, yet Defendant did not properly calculate the SMLO overtime rates and did not pay the BDMs or RSMs a premium for work done beyond 40 hours in any given workweek.

32. Defendant has intentionally failed to properly classify and pay BDMs and RSMs any overtime wages in direct violation of the FLSA.

33. Based on their job duties and the lack of an available FLSA exemption, BDMs and RSMs should be classified as nonexempt (like the SMLO) and should be paid at an overtime rate for all hours worked in excess of 40 in any given workweek.

34. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to classify and pay all three Plaintiffs (and their respective two subclasses) in accordance with § 207 of the FLSA

35. As a result of Defendant's violation of the FLSA, Plaintiffs (and their respective two subclasses) have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA

36. Under 29 U.S.C. § 216, Defendant is liable to Plaintiffs (and their respective two subclasses) for an amount equal to one and one-half times their regularly hourly pay rate for each hour of overtime worked per week.

37. In addition to the amount of unpaid wages owed, Plaintiffs (and their respective two subclasses) participating in this suit are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

38. Defendant has not made a good faith effort to comply with the FLSA.

39. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b)

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant as follows:

A. For the Court to declare and certify that this action may proceed as a collective action under the FLSA on behalf of the named Plaintiffs and the two proposed subclasses as defined;

B. For the Court to order Defendant to file with this Court and furnish to Plaintiffs' counsel a list of the names and addresses of all members of the two proposed subclasses as defined;

C. For the Court to authorize Plaintiffs' counsel to issue notice at the earliest possible time to all of members of the Proposed Class, informing them that this action has been filed, the nature of the action, and of their right to opt into the lawsuit if they were misclassified and/or worked hours in excess of 40 hours in a work week but were not properly paid overtime calculated as required by the FLSA during the three years immediately preceding this action;

D. For the Court to declare and find that the Defendant misclassified the BDM and RSM employees as exempt, when they were in fact non-exempt; and to declare and find the proper method for calculating the rate of pay for the SMLO employees;

E. For the Court to declare and find that the Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207;

F. For the Court to award damages, including liquidated damages, pursuant to 29 U.S.C. § 216(b);

G. For the Court to award Plaintiffs' reasonable attorneys' fees and costs;

H. For the Court to award pre-judgment interest on all overtime compensation and minimum wages due, accruing from the date such amounts were due, and post-judgment interest; and

I. For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Respectfully submitted on this 5th day of December, 2025,

Carden Livesay, Ltd.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiffs/Attorney for Putative Collective Action*